NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARREN E. RICHARDSON, | : | Civil Action No. 07-3943 (JAG) |
| Plaintiff, | : |  |
| v. | : | OPINION |
| CIRO CHIMENTO, et al., | : |  |
| Defendants. | : |  |

**APPEARANCES:**

> DARREN E. RICHARDSON, #544342C, Plaintiff Pro Se
> Passaic County Jail
> 11 Marshal Street
> Paterson, New Jersey 07501

**GREENAWAY, JR.**, District Judge

Plaintiff Darren E. Richardson, a pretrial detainee confined at the Passaic County Jail, seeks to file a Complaint in forma pauperis under 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account and to forward same to the Clerk, when funds exist; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having thoroughly reviewed Plaintiff's allegations, in accordance with the

requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court shall dismiss certain claims and certain defendants, and allow the remaining federal claims to proceed past the sua sponte dismissal stage.

## I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights arising from his arrest and criminal prosecution against 10 named defendants and several John and Jane Does.[1]  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007) (citing Markowitz v. Northeast Land Co., 906 F. 2d 100, 103 (3d Cir. 1990)).  Plaintiff alleges that on August 20, 2005, police officers employed by the Butler, Riverdale, Kinnelon, and Bloomingdale Police Departments, arrived at the Butler Arms Apartment Complex.  Plaintiff asserts that Defendants Chimento, Gordon, Moeller, and Harden, police officers employed by the Butler Police Department, illegally entered and searched Plaintiff's garage at the Butler Arms Apartment Complex, and illegally searched Plaintiff's vehicle (including the locked glove compartment and trunk), without probable cause, consent or a warrant.  Plaintiff alleges that, as a result of the illegal search, Defendants arrested him on burglary charges, without probable cause or an arrest warrant.

Plaintiff asserts that in the early morning hours of August 21, 2005, Defendants Chimento, Soules, and Gordon, knowingly made false allegations in an affidavit in support of an application for a search warrant.  Plaintiff alleges that Defendant Paparazzo, a municipal court judge, violated his constitutional rights by authorizing the search warrant without probable cause.

---

[1] By letter dated August 18, 2007, and filed August 21, 2007, Plaintiff advised the Clerk to delete Anthony J. Fusco, Jr., as a named defendant.

Plaintiff asserts that defendant police officers conducted a search without probable cause, pursuant to the warrant. Several Defendants allegedly searched the garage and seized three packets of eye drops, even though the warrant did not authorize Defendants to search the garage. Plaintiff states that, as a result, Defendants charged his co-defendant with intent to distribute PCP. In addition, Defendants Chimento, Gordon, and Harden allegedly filed false police reports in an attempt to establish probable cause for the initial search after the fact.

Plaintiff alleges that on April 5, 2006, Defendant Erin Smith Wisloff, assistant prosecutor for Morris County, violated his rights by withholding exculpatory evidence, engaging in prosecutorial misconduct, leading witnesses, and intentionally misleading grand jurors to believe that police officers seized 40 bags of heroin from Plaintiff's apartment. In addition, he asserts that Defendants Chimento and Gordon falsely testified before the grand jury and at a suppression hearing in 2006.

Plaintiff claims that Assistant Prosecutors Leo and Tucker violated his rights by prosecuting Plaintiff, even though they knew the charges were unfounded, knowingly obtained a false statement and presented the false testimony of a co-defendant, to the effect that the trunk of Plaintiff's vehicle was open at the time of the warrantless search. Plaintiff further asserts that Defendant Charles O'Connell, the attorney representing co-defendant James Morton, negotiated a plea agreement with Defendant Tucker, which involved Morton's testifying falsely at the suppression hearing.

Plaintiff claims that Defendants violated his rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments, and 42 U.S.C. § 1983; conspired to violate his constitutional rights;

and violated state law.  He seeks damages, declaratory relief, and costs.[2]

Plaintiff thereafter filed a letter to the Clerk dated August 18, 2007, stating that Plaintiff mistakenly named Anthony Fusco as Defendant, and asking him to be dismissed from the case. Plaintiff further states that he wishes to name Frank Fusco as a defendant in an amended complaint.[3]

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however

---

[2] On November 13, 2007, Plaintiff filed a copy of a letter he wrote to Joseph Hartmann, Coordinator of the Bureau of County Services of the New Jersey Department of Corrections.  In the two-page letter, Plaintiff complains in detail that the conditions of confinement at the Passaic County Jail are inhumane and unconstitutional.  Because Plaintiff's statements in this letter regarding the conditions of confinement at the Passaic County Jail are unrelated to the allegations and claims presented in Plaintiff's Complaint, this Court will not entertain them as part of this case.  If Plaintiff wishes to present claims regarding the conditions of confinement in this Court, such claims must be asserted in a separate complaint.

[3] Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course before being served with a responsive pleading.  See Fed. R. Civ. P. 15(a)(1)A).

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, _ U.S. _, _, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).  As the Court of Appeals recently explained, although "there are reasonable inferences apart from [a constitutional violation] that could be drawn from the complaint . . . the fact that such inferences may be drawn is proof that the dismissal was premature.  The appellants have met their obligation to provide grounds for their entitlement to relief by presenting factual allegations sufficient to raise their right to relief above a speculative level." Stevenson v. Carroll, 495 F. 3d at 65-67.

     A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).  However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp.,

5

...

293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff sues Charles O'Connell, the attorney representing Plaintiff's co-defendant James Morton.  Plaintiff alleges that O'Connell, a private attorney who was formerly a Morris County assistant prosecutor, negotiated a plea agreement whereby Morton would provide false testimony at Plaintiff's suppression hearing.  Plaintiff's § 1983 claims against O'Connell fail as a matter of law because O'Connell was not acting under color of state law.  "Although a private [person] may cause a deprivation of . . . a right, [he] may be subjected to liability under § 1983 only when [he] does so under color of law."  Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)).

In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant.  See also Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982) (private attorney representing criminal defendant under court appointment is not acting under color of state law).  Because the acts and omissions complained of in regard to O'Connell concern the traditional functions of a criminal defense attorney, this defendant was not acting under color of state law, and the Complaint fails to state a claim under 42 U.S.C. § 1983 against him.

Likewise, Plaintiff's damage claims against Municipal Court Judge John A. Paparazzo and assistant prosecutors Erin Smith Wisloff, Vincent Leo, and Lajuan A. Tucker, fail as a matter

of law because these defendants are absolutely immune from a suit for damages.[4]  "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)); see also Azubuko v. Royal, 443 F. 3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts").  In this case, Plaintiff complains that Paparazzo violated his rights by issuing a search warrant on August 21, 2005, without probable cause.  Because the alleged wrongdoing by Judge Paparazzo consists of judicial acts which are absolutely protected from suit for damages, the § 1983 claims against Judge Paparazzo will be dismissed with prejudice.

Plaintiff's damage claims against prosecuting attorneys Wisloff, Leo, and Tucker will also be dismissed on the ground of absolute immunity.  A prosecutor is absolutely immune from a damage action for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)); see also Yarris v. County of Delaware, 465 F. 3d 129, 135 (3d Cir. 2006).  In this case, Plaintiff's complaint against Wisloff is that she presented false testimony and withheld exculpatory evidence from the grand jury in April 2006.  Plaintiff's allegations against Leo involve his allegedly inappropriate pursuit of Plaintiff's criminal prosecution, his solicitation of a false statement from co-defendant Porter in a plea agreement and his presentation of that statement at Plaintiff's suppression

---

[4] For public officials who perform special functions, the Supreme Court "has determined that absolute immunity is appropriate because it is 'better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.'" Yarris v. County of Delaware, 465 F. 3d 129, 135 (3d Cir. 2006) (quoting Imbler v. Pachtman, 424 U.S. 409, 418 (1976) (quotation marks and citation omitted)).

hearing.  Plaintiff complains that prosecuting attorney Tucker is the main prosecuting attorney in his ongoing criminal proceeding, he knows that the police fabricated testimony, he is covering up the unlawful actions of the police, and he negotiated a plea agreement with co-defendant Morton whereby Morton provided perjured testimony at Plaintiff's suppression hearing.  Because the alleged wrongdoing by the prosecuting attorney defendants consists entirely of acts taken in the prosecutorial role, this Court will dismiss said claims on the ground of absolute immunity.

A.  Fourth Amendment

Plaintiff asserts that the police officer defendants (Chimento, Gordon, Moeller, Hardin, and Soules) violated his rights under § 1983 by searching his car and garage on August 20, 2005, without probable cause or a warrant; arresting him on August 20, 2005, pursuant to the unconstitutional search, without probable cause or a warrant; making false statements to obtain a search warrant on August 21, 2005; and/or executing the improperly issued search warrant.  As these defendants were acting under color of state law, and Plaintiff may be able to establish that they violated his Fourth Amendment rights, this Court will allow the Fourth Amendment claims for unreasonable search and seizure to proceed against the police defendants past the *sua sponte* dismissal stage.[5]  However, the claims against police defendants based on the officer's testifying falsely before a grand jury or a court will be dismissed because a witness enjoys absolute immunity from damages under § 1983 for false testimony.  See Briscoe v. LaHue, 460 U.S. 325,

---

[5] The Fourth Amendment provides:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend IV.  An arrest and a search violate the Fourth Amendment in the absence of probable cause.  See Kalina v. Fletcher, 522 U.S. 118, 130 (1997); Malley v. Briggs, 475 U.S. 335, 345 (1986); Sharrar v. Felsing, 128 F.3d 810, 822-27 (3d Cir. 1997).

330-346 (1983) (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses certain claims and defendants.  The Court will enter an appropriate Order.


**JOSEPH A. GREENAWAY, JR.**, U.S.D.J.

Dated: _____, 2008